IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Sparkman,<br><br>                    Petitioner,<br><br>v.<br><br>Warden Robertson,<br><br>                    Respondent. | C/A No. 8:25-cv-12753-JFA-WSB<br><br><br><br>**ORDER** |

**I.    INTRODUCTION**

The *pro se* petitioner, Corey Sparkman ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition pursuant to the Rules Governing Section 2254 Proceedings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without requiring respondent to file a return because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Petitioner filed objections to the Report on November 14, 2025. (ECF No. 14)[1]. Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

---

[1] Petitioner also filed a duplicate copy of the same objections on November 24, 2025. (ECF No. 16).

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

Petitioner seeks to vacate his current criminal sentence for various reasons. However, the Magistrate Judge correctly holds that the claims raised in this petition are successive.

Within his objection, Petitioner avers that his current petition is not successive because it is the "fist habeas petition challenging the legality of [his] 1993 sentence on these specific grounds." (ECF No. 14, p. 3-4). Petitioner avers that a second §2254 petition is only "successive" if it raises a claim that was or could have been raised on a prior petition. *Id.* Petitioner is incorrect. The applicable statute states:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 *that was not presented in a prior application shall be dismissed* unless-

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2)(emphasis added).

Here, Plaintiff has failed to point to any new rule of constitutional law or any factual predicate for the claim that could not have been previously discovered. Even if he had, Petitioner would still be required to seek permission from the Fourth Circuit prior to filing this successive petition. 28 U.S.C. §2244(b)(3).

Accordingly, the Magistrate Judge correctly concluded that the instant petition is successive. Consequently, this court lacks jurisdiction to entertain such a petition without prior authorization. *See* 28 U.S.C. § 2244; *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Accordingly, the Report correctly concludes that this action is subject to dismissal and Petitioner's objection is overruled.

Given the above determination, there is no need to review the Magistrate Judge's alternate determination that the petition is also subject to dismissal based upon the applicable statute of limitations. Accordingly, the court declines to review that portion of the Report or Petitioner's corresponding objections.

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the response thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 11). Consequently, the petition (ECF No. 1) is dismissed without prejudice and without requiring a return from respondent.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

December 1, 2025                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."